**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE DEL REAL,

      Plaintiff-Appellant,

v.

STATE OF KANSAS,

      Defendant - Appellee.

No. 10-3199
(D.C. No. 6:10-CV-01095-JTM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **GORSUCH**, Circuit Judges.

Jose Del Real, proceeding *pro se* here as in the district court, claims his rights were violated in his state court criminal trial. He says he was not allowed to present documents or to fully cross-examine two witnesses, and that one witness testified falsely. He asks us to reverse his conviction or grant him a new criminal trial. The district court dismissed his case for lack of subject-matter

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) & (6). In particular, it held that (1) Mr. Del Real's claims, apparently based on 42 U.S.C. § 1983, could not be brought against the State of Kansas because the state is not a "person" within the meaning of § 1983; (2) the Eleventh Amendment barred his claims; (3) the complaint was too vague to state a claim; and (4) the federal court was without subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Giving Mr. Del Real's *pro se* filings the solicitous consideration they are due, and reviewing the district court's dismissal order de novo, *see Kane Cnty. Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009) (reviewing de novo dismissal pursuant to Rule 12(b)(1) & (6)), we conclude that the district court correctly dismissed the case. Accordingly, we AFFIRM the district court's order of dismissal for substantially the same reasons the district court gave in its thorough order entered July 27, 2010.

Entered for the Court


Neil M. Gorsuch
Circuit Judge


-2-